IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TANYA LYLES | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:21-cv-1165-PX |
| U.S. RETIREMENT & BENEFITS PARTNERS, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION

This matter is before the Court on the motion to dismiss filed by Defendants U.S. Retirement & Benefits Partners and SF&C Insurance Associates, Inc. (collectively, "Defendants"). ECF No. 19. For the reasons stated below, the motion is GRANTED.

### I.    Background[1]

Defendant U.S. Retirement & Benefits Partners is the parent company of Defendant SF&C Insurance Associates, Inc. ("SF&C"), a company that sells insurance policies through contractor agents. ECF No. 1 at 6. Plaintiff Tanya Lyles was employed by SF&C as one such insurance agent until she resigned on March 1, 2021. *Id.* As an insurance agent, Lyles earned commission on the policies that she sold to customers. *Id.* After her March 1st resignation, Lyles discovered that she had not been paid proper commission for policies that she sold in the month prior to her departure on behalf of Transamerica, a company Lyles describes as a "third-party insurance broker[]." *Id.* at 6, 10. When Lyles contacted Transamerica directly, she learned

---

[1] The Court takes the following Complaint facts as true and most favorably to Lyles. *See Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) ("In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.") (citing *De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991)).

that her manager at SF&C, Jeff Pratti, instructed Transamerica not to pay Lyles her commission if the amount was under $500, and instead, to credit the funds to SF&C. *Id.* at 6–7.

On March 22, 2021, Lyles emailed Pratti, confronting him about his directive and requesting that the Transamerica commission be deposited in her checking account. ECF No. 1 at 7. Although Lyles intended the email to be sent only to Pratti, she accidentally sent it as a group email that included about twenty SF&C employees. *Id.* Pratti, in response, replied to all recipients on the group email chain, and in so doing, disclosed "non-public" and "personal" information about her commissions. *Id.* at 8. Specifically, Pratti shared with the group a message from Transamerica noting that Lyles did not receive commission because she had been carrying a debit balance which outstripped the commissions owed. *Id.* at 9.

On May 13, 2021, Lyles brought suit against Defendants, alleging violations of four consumer protection statutes: the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*; the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; and the Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 6801, *et seq.* ECF No. 1 at 3. Her primary liability theory is that Pratti's group email correspondence constitutes an attempt to collect a debt by harassment. *Id.* at 8–9. On August 10, 2021, Defendants moved to dismiss all counts in the Complaint. The Court considers each claim in turn.[2]

---

[2] Defendants also argue in passing that Lyles lacks standing because Lyles' claimed injury of "embarrassment" fails to make plausible that Defendants' acts or omissions visited a sufficiently concrete harm on her. ECF No. 19-1 at 10–11. Defendants, however, ignore that Lyles has asserted violations of consumer protection statutes, namely the FDCPA, FCRA, TILA, and GLBA, which are designed to confer protection on consumers such that traditional standing analyses are rendered inapposite. *See Warth v. Seldin*, 422 U.S. 490, 514 (1975) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n.3 (1973) ("Congress may create a statutory right or entitlement the alleged deprivation of which can confer standing to sue even where the plaintiff would have suffered no judicially cognizable injury.")). Defendants make no attempt to demonstrate why Lyles lacks standing under these particular statutory provisions. Thus, the Court declines to dismiss the Complaint on this basis.

**II.     Standard of Review**

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. *See Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). A plaintiff need only satisfy the requirement set forth in Rule 8(a) to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

A complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). The Court must be able to deduce "more than the mere possibility of misconduct"; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief. *See Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015) (quoting *Iqbal*, 556 U.S. at 679).

Generally, pro se plaintiffs are held to a "less stringent" standard than a lawyer, and a court should construe the claims liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a *pro se* complaint must be dismissed if it does not allege a 'plausible claim for relief.'" *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D. Md. Dec. 4, 2012) (quoting *Iqbal*, 556 U.S. at 679).

**III.     Analysis**

    **A.     FDCPA**

Defendants first argue that the FDCPA claim fails because neither Defendant is a "debt collector" under the statute, nor has Lyles made plausible that she carried a "debt" within the meaning of the FDCPA.  ECF No. 19-1 at 4.  The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors."  15 U.S.C. § 1692(e*)*; *see also Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 388 (4th Cir. 2014) (citing 15 U.S.C. § 1692(e)).  To state a claim under the FDCPA, the Complaint must make plausible that: "(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt [] collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA."  *Jackson v. Sagal*, 370 F. Supp. 3d 592, 600 (D. Md. 2019) (alteration in original) (internal citation and quotes omitted).  The FDCPA recognizes "consumer debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes."  15 U.S.C. § 1692a(5).  "Debt collectors" under the FDCPA are those that "regularly collect or attempt to collect, directly or indirectly, [consumer] debts owed or due another."  *Trice v. Oliveri & Assocs., LLC*, No. GLR-19-3272, 2020 WL 4732139, at *4 (D. Md. Aug. 14, 2020) (alteration in original) (quoting *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995)).

When viewing the Complaint most favorably to Lyles, Defendants do not meet the definition of "debt collectors" under the FDCPA.  Nothing in the Complaint makes plausible, for example, that Defendants are in the business of debt collection, or have ever attempted to collect a debt from Lyles or anyone else.  Simply because Pratti referenced Lyles' negative account

4

balance, while uncomfortable for Lyles, does not transform Defendants into a debt collector under the statute.

Nor does the Complaint make plausible that Lyles maintained a "debt" covered under the FDCPA. The Complaint does not describe at all the nature of Lyles' "negative account balance" with Transamerica. Accordingly, no facts suggest that this debt arises out of a transaction "primarily for personal, family, or household purposes." *See* 15 U.S.C. § 1692a(5). If anything, the Complaint makes plausible that Lyles enjoyed a business relationship with Transamerica such that Transamerica would advance her funds which she would then be expected to reimburse the company once her commissions were earned. ECF No. 1 at 6, 9.

These twin defects in the FDCPA are fatal to the claim. Because nothing in the Complaint establishes that Defendants qualify as debt collectors, or that Lyles' dispute involves a "debt," the claim must be dismissed. Further, because the Court cannot envision any additional facts that could cure these defects, the Court dismisses the claim with prejudice.

### B. FCRA

Defendants next argue that Lyles cannot state a claim to relief under the FCRA. ECF No. 19-1 at 6. The FCRA was enacted to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Saunders v. Branch Banking and Tr. Co. of VA*, 526 F.3d 142, 147 (4th Cir. 2008) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)). The FCRA imposes a duty on consumer reporting agencies to "adopt reasonable procedures" to balance the needs of commerce and fairness to the consumer. 15 U.S.C. § 1681(b). Under the FCRA, a "consumer reporting agency" is "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties." 15 U.S.C.

§ 1681a(f). The FCRA also applies to "furnishers of information," and prohibits any person from providing information to a credit reporting agency that the person knows is inaccurate. *See* 15 U.S.C. § 1681s-2(a)(1)(A).

Lyles cannot plausibly allege that Defendants violated the FCRA. The Complaint does not include any facts suggesting that Defendants operate as a consumer reporting agency or are "furnishers of information" within the meaning of the FCRA. Viewing the Complaint most favorably to Lyles, she alleges that Pratti's email included inaccurate information about her monthly commission totals, but she does not identify any conduct of Defendants that could plausibly be construed as reporting inaccurate information as or to a credit reporting agency. Because Defendants do not fall within the ambit of the FCRA, the claim must be dismissed with prejudice.

### C. TILA

Defendants next argue that no Complaint facts make plausible a TILA violation. The Complaint merely recites that "[i]n pursuant to [*sic*] 15 U.S.C. 1605 the determination of sums of all charges and transaction [*sic*] are unclear." ECF No. 1 at 10. The TILA regulates relationships between borrowers and lenders by "requir[ing] creditors to provide borrowers with clear and accurate disclosures of terms." *Willis v. Bank of America Corp.*, No. ELH-13-02615, 2014 WL 3829520, at *16 (D. Md. Aug. 1, 2014) (quoting *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998)).

Lyles, in particular, relies on § 1605, the provision regulating a creditor's imposition of a "finance charge" when extending various types of consumer credit. *See* 15 U.S.C. § 1605. But nothing in the Complaint makes plausible that Defendants are "creditors" under the statute. The TILA defines a "creditor" as a person who (1) regularly extends credit, and (2) would initially

receive payment upon evidence of indebtedness.  *See* 15 U.S.C. § 1602(g).  Defendants do not appear to regularly extend credit or have imposed any finance charges on Lyles or any other consumer.  The claim, therefore, must be dismissed with prejudice.

### D. GLBA

Defendants next argue that the GLBA claim must be dismissed because it does not confer a private cause of action.  The Court agrees.  The GLBA is designed to protect the "security and confidentiality of [] customers' nonpublic personal information" provided to financial institutions.  15 U.S.C. § 6801(a).  Several agencies, including "the Bureau of Consumer Financial Protection, the Federal functional regulators, the State insurance authorities, and the Federal Trade Commission" are tasked with enforcing the GLBA's provisions.  *Id.* § 6805(a).  But the statute does not confer on consumers a right to sue for violations of its provisions.  *See Quasem v. Guidance Residential, LLC*, No. PJM-11-1836, 2012 WL 909297, at *3 (D. Md. Mar. 14, 2012) (citing *Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007)).  Accordingly, Lyles cannot maintain a claim against Defendants for violating the GLBA.  Thus, the claim is dismissed with prejudice.

### E. Possible State Common Law Claims

Defendants also move to dismiss any other potential common law claims raised in the Complaint, to include claims of infliction of emotional distress, invasion of privacy, and unfair and deceptive conduct.  ECF No. 19-1 at 9.  Even viewing the Complaint most charitably to Lyles, the Court discerns no common law causes of action.  Moreover, Lyles invokes solely federal question jurisdiction as a basis to file her Complaint in this Court, further supporting that the Complaint raises exclusively federal statutory violations.  ECF No. 1 at 3.  *Id.*  Accordingly, even if the Complaint could somehow be read to assert common law claims, the Court declines

to exercise supplemental jurisdiction over them.  *See* 28 U.S.C. § 1367(c) (a district court "may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction.").  Any such claims are dismissed without prejudice so that Lyles may pursue them in state court, if she chooses.

### IV. Conclusion

For the above stated reasons, the motion to dismiss is GRANTED.  A separate order follows.

    11/10/21  
Date

/S/  
Paula Xinis  
United States District Judge